## CONRAD RUBBER CO. v. GOODYEAR TIRE & RUBBER CO., Inc.

(Circuit Court of Appeals, Sixth Circuit. November 10, 1926.)

### No. 4589.

**1. Pleading ☜360(1)—Deposition of officer of corporate defendant held insufficient to warrant striking out as sham answer and cross-petition in action on account (Comp. St. §§ 1472, 1474).**

In action against corporation on account for tires sold, deposition of officer of defendant corporation, not admitting any indebtedness or that goods were accepted and received or that account was due, *held* an insufficient ground for striking out as sham answer containing general denial and cross-petition for damages for breach of agency contract, irrespective of waiver of requirements of Rev. St. §§ 863, 865 (Comp. St. §§ 1472, 1474).

**2. Courts ☜347.**

Practice of striking out cross-petition as sham is not sufficiently supported by Ohio decisions to warrant such course in federal court.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio.

Action by the Goodyear Tire & Rubber Company, Inc., against the Conrad Rubber Company. Judgment for plaintiff, and defendant brings error. Reversed.

The Goodyear Rubber Company brought action against the Conrad Rubber Company to recover on an account for tires sold and delivered in the amount of $4,735.62 with interest. The Conrad Company filed an answer containing a general denial of the account and a cross-petition for damages for breach of agency contract by the Goodyear Company. This answer and cross-petition was verified by Paul S. Conrad as president of the Conrad Company. Thereafter the Goodyear Company took the deposition of Paul S. Conrad and shortly thereafter filed a motion to strike the answer and cross-petition of defendant from the file on the ground that they are a sham and for judgment, which motion was sustained by the District Court and judgment entered against the defendant as prayed for in the petition.

J. B. Dworken, of Cleveland, Ohio, for plaintiff in error.

Tolles, Hogsett, Ginn & Morley and William B. Cockley, all of Cleveland, Ohio, on brief for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. [1] Section 863 of the Revised Statutes of the United States (Comp.

St. § 1472) provides when and under what circumstances depositions may be taken, and section 865, R. S. (section 1474), provides when a deposition may be used on the trial of a cause. It does not appear from this deposition that any of the conditions or circumstances authorizing the taking of deposition existed at the time this deposition was taken or that the conditions named in section 865 existed at the time it was used in support of plaintiff's motion. If, however, the defendant waived the provision of section 863, R. S., as to the taking of this deposition, and it were conceded that such waiver extends to its use upon the hearing of this motion, it nevertheless appears therefrom that the witness, who is not a party to the suit, but merely an officer of the defendant corporation (Cockley Milling Co. v. Bunn, Admx., 75 Ohio St. 270, 278, 79 N. E. 478, 116 Am. St. Rep. 741, 9 Ann. Cas. 179), did not admit any indebtedness upon the account, or that the goods had been accepted and received by the defendant, or that the account was due.

[2] The judgment of the District Court, sustaining the motion, is reversed, for the reason that the deposition does not sufficiently show that the answer and cross-petition were sham, and for the further reason that the practice of striking out a cross-petition as sham is not sufficiently supported by the Ohio decisions.

Reversed.